## SMITH V. HOWELL.

Decided May 17, 1890.

*Relinquishment of dower—Husband's ineffectual conveyance.*

A wife's relinquishment of dower is inoperative where the husband's deed is ineffectual to convey title.

APPEAL from *Crittenden* Circuit Court in Chancery.

J. E. RIDDICK, Judge.

Howell conveyed the fee in certain land which he owned to Pickett, but his wife did not join therein nor relinquish her dower. Subsequently Howell mortgaged the same land to secure an indebtedness to Smith, his wife relinquishing dower. Howell died. Smith sued Pickett and Mrs. Howell, stating the foregoing facts and that Pickett was in possession of the land, and asked that Mrs. Howell's dower be assigned and sold to pay the secured indebtedness. The court sustained a demurrer to the complaint. Plaintiff appealed.

*W. G. Weatherford* for appellant.

Dower, although inchoate and contingent, is *an estate* in land, and certainly an interest and incumbrance. It may be

*conveyed;* a "relinquishment" is but a conveyance. 2 Scribner on Dower, 280; Malone, Real Pr. Tr., 703.

In this State a wife conveys or relinquishes dower by *joining her husband* in the deed, and acknowledging as prescribed by statute (Mansf. Dig., sec. 277), and the words "conveyance" and "release" are used interchangeably. 30 Ark., 779. This deed passes *whatever interest* she may have. 51 Ark., 423.

A married woman may join her husband in a mortgage to pay her husband's debts. 35 Ark., 480; 34 Ark., 17. She cannot assign it to a stranger, nor convey it to her husband. 2 Scribner, Dower, 271; 30 Ark., 17; 31 Ark., 678. Nor is it subject to execution at law. 11 Ark., 236. Nor can she convey it after husband's death to any one except one holding the legal title. 21 Ark., 62; 29 Ark., 659. On the death of the husband the dower becomes *consummate*. Equity often assigns dower, and then subjects it to sale for the benefit of creditors. 4 Paige, 448, and notes; 3 Co-op. Ed., 510; 41 Ohio St., 551; 57 N. Y., 326; 12 Ind., 37; 7 Ired., Eq., 152; 3 Pom., Eq., 422; 2 Scribner, Dower, 43, 46. The right of dower is a *valuable* interest. 85 U. S., 141. The court should have assigned dower and caused it to be sold. 18 Wall., 150; 30 Me., 192; 104 N. Y., 418; 5 Am. Dec., 229; 59 Am. Dec., 473; 66 Am. Dec., 467; 87 Am. Dec., 346; 7 Gray, 148.

*W. M. Randolph* for appellee.

The widow's dower and the method of relinquishment are governed by Mansfield's Digest, secs. 2571, 649. Dower is simply an interest in the husband's lands, and is not the property of the wife, considered as a distinct and different individual from her husband. Our statutory dower does not differ substantially from the dower at common law. 5 Ark., 610. Sec. 648, Mansfield's Digest, has no application to dower.

A married woman cannot bind herself by any contract in

reference to her general property, unless authorized by statute. 39 Ark., 357; 41 Ark., 169.

A wife can part with her dower, in the life-time of her husband and before assignment, only in the manner pointed out by the statute.   30 Ark., 17; 31 Ark., 678; 31 Ark., 334; 21 Ark., 62; 21 Ark., 347; 30 Ark., 775.   The question in this case is settled by 103 N. Y., 153, and 105 N. Y., 332.

HEMINGWAY, J.   It is provided by the statutes of Arkansas, that a married woman may relinquish her dower in any real estate of her husband by joining with him in a deed of conveyance thereof.   Mansf. Dig., sec. 649.

Under this statute it has been ruled that a married woman could relinquish dower only by joining her husband in a conveyance to a third person; and that an instrument executed by her alone, whereby she undertook to relinquish dower to a third person or to her husband, would be inoperative.   *Witter v. Bisco*, 13 Ark., 423; *Pillow v. Wade*, 31 Ark., 678.

The inchoate right of dower during the life-time of the husband is not an estate in land—it is not even a vested right, but "a mere intangible, inchoate, contingent expectancy." The law regards it as in the nature of an incumbrance on the husband's title, and the statute cited provides a means whereby he may convey his title free from the incumbrance.   She joins, not to alienate any estate, but to release a future contingent right.   The grantee must look alone to the husband's conveyance for his title.   The relinquishment can be invoked for no purpose but to aid the title passed by his deed which contains it; therefore, when that title fails, the relinquishment becomes inoperative.   Such is the rule of the court of appeals of New York in construing the statute of that State, from which our law regulating the right of dower was taken. *Hinchliffe v. Shea*, 103 N. Y., 153; *Witthaus v. Schack*, 105 N. Y., 332; 2 Scrib., Dow., chap. 12, sec. 49; *Stinson*

*Relinquishment of dower is inoperative if husband's deed is ineffectual.*

*v. Sumner,* 9 Mass., 143; *Douglas v. McCoy,* 5 Ohio, 522; *Blain v. Harrison,* 11 Ill., 384.

This court has never considered the effect of a wife's statutory relinquishment where the grant of the husband had been defeated; but where the widow before assignment had attempted to transfer her right of dower, it has held that, while she might relinquish it to the heirs at law or to one holding the legal title under the husband, and thus bar her right to recover dower, yet she could not transfer her claim of dower, so as to vest in any other person the right of action therefor. *Carnall v. Wilson,* 21 Ark., 62. In the subsequent case of *Jacoway v. McGarrah,* 21 Ark., 347, the rule was approved, and it was further held that the transfer of the widow's claim would not be good even in equity, for the reason she had no transferable interest. If the doctrine of that case be correct, about which we are not now called to inquire, it leads to an approval of the doctrine held by the cases cited from New York, as to the effect of the married woman's statutory relinquishment. We think the court of appeals correctly interprets the purpose of that statute, and the judgment of the circuit court was therefore correct.

Affirmed.