SHAVER *v.* NASH.

Opinion delivered June 23, 1930.

*Shaver, Shaver & Williams,* for appellant.

*King, Mahaffey, Wheeler & Bryson,* for appellees.

BUTLER, J.   On May 27, 1927, suit was begun in the Miller County Chancery Court by Mrs. Myrtle E. Nash and Vernon J. Bush, respondents herein, against Phyllis Ernestine Gill (also called Phillis Ernestine Nash), a minor, the petitioner herein.   The object and purpose of this suit was to annul and set aside a certain adoption proceeding, wherein and whereby said minor had, on the 15th day of January, 1915, under the laws of Texas, been adopted by Mannie J. Nash, and the said Myrtle E. Nash.   It was alleged in said complaint that Myrtle E. Nash was the widow of Mannie J. Nash, deceased, who theretofore were married September, 1900, and lived together in the marital relation until the death of Mannie J. Nash, August 25, 1921.   That on the 6th day of October, 1908, Mannie J. Nash executed his last will and testament, bequeathing all his property to the said Myrtle E. Nash except a few small devises to near relatives.   There was no issue, the result of said marriage, and no adoption other than the adoption of January 15, 1915.   Answer to said complaint was filed by James D. Shaver, as guardian *ad litem* for the minor, in which a specific denial was made to each allegation, and, in addition to said denials, it was alleged that said adoption was valid, legal, and binding, and that plaintiffs were estopped to deny its validity, or to contradict or change the statements therein contained.   On September 20, 1927, a trial of said cause was had, and decree rendered wherein the court found said adoption proceedings to be valid and in conformity to the laws of Texas.   Notwithstanding, the court found said adoption to be in conformity to the laws of Texas, the court by said decree set aside and annulled said adoption and decreed and quieted the title to said property in Mrs. Myrtle E. Nash and Vernon J. Bush,

to the exclusion of any and all rights and claim thereto of the said minor.

The respective contentions of the parties to this suit are stated in brief of the petitioner as follows: "Petitioner contends that the minor's status and rights by virtue of her adoption are the same as if she were a child of the blood of the adopter, and that her right to the property is not cut off or affected by the will. Respondents contend that the status and rights of the minor are in no sense those of a child, but that she possesses only the status and rights of a limited or qualified heir, and that such rights are completely cut off by the will."

We are of the opinion that the chancellor was correct in the conclusion reached. The proceedings in Texas did not in any respect comply with our adoption statute, chapter 2, §§ 252-256, inclusive, Crawford & Moses' Digest. This statute provides that an adoption shall be by court proceeding begun by the filing of the petition in the probate court stating the name of the petitioner, that of the child sought to be adopted, its age, whether it has any property, whether the child has either father or mother living, and, if so, their residence. The consent of the parent is required, which consent must be given in open court except where it is shown by competent testimony that the residence of the parent is unknown. It is also provided that a formal order shall be made and entered of record reciting all of the necessary jurisdictional facts, which order shall declare the child adopted, and thereupon the adoptive parent shall occupy the same position towards such child as if he were the natural parent and be liable and responsible as such, and the child shall receive all the rights and interests in the estate of the parent by adoption that such child would have if it had been the natural heir of the adoptive parent.

By articles 42 and 43 of the Revised Civil Statutes of Texas a mode of adoption is prescribed which was followed by the respondents in the instant case. Article 42 provides as follows: "Any person wishing to adopt

another as his legal heir shall file in the office of the county clerk of the county in which he resides a written statement signed by him and duly authenticated or acknowledged as deeds are required to be, reciting in substance that he adopts the person named therein as his legal heir, and the same shall be admitted to record in said office.'' Article 43 is as follows: ''When such statement is so recorded, it shall entitle any child so adopted to all the rights and privileges, both in law and equity, of a legal heir of the adoptive parent, as a child has by law against lawful parents. If the adoptive parent has at the time of such adoption, or shall thereafter have, a child begotten in lawful wedlock, such adopted heir shall in no case inherit more than one-fourth of the estate of the adoptive parent.''

A comparison of the Arkansas and Texas statutes discloses their essential dissimilarity, and it is apparent that the rights conferred on the child and the liabilities assumed by the adoptive parent are different. It is also clear that under the statutes of this State there was no adoption (*O'Connor* v. *Patton*, 171 Ark. 63; *Minetree* v. *Minetree, ante* p. 111), and whatever rights were conferred on the petitioner are only such as accrued by virtue of the Texas statute, and we must adopt the construction placed thereon by the courts of that State.

Section 10,506, Crawford & Moses' Digest, provides that ''whenever a testator shall have a child born after the making of his will, * * * and shall die, leaving such child, * * * in any settlement, and neither provided for nor in any way mentioned in his will, every such child shall succeed to the same portion of his father's estate * * * as would have descended or been distributed to such child if the father had died intestate * * * .''

Section 10,507. *Id.* provides: ''When any person shall make his last will and testament, and omit to mention the name of a child, if living, * * * every such

person, so far as regards such child, shall be deemed to have died intestate, * * *."

There is a similar statute in the State of Texas the same being article 8292 of the Revised Statutes of that State, providing that "if a testator have a child, or children, both at the time of making his last will and testament, shall at his death, leave a child or children born after the making of such last will and testament, the child or children so after born and pretermitted shall, unless provided for by settlement, succeed to the same portion of the father's estate as they would have been entitled to if the father had died intestate; * * *."

The Supreme Court of Texas, in the case of *Bell* v. *Thomsen*, 273 S. W. 1109, in construing and interpreting articles 42 and 43, *supra*, after citing and reviewing a number of cases, said: "It is settled that the effect of adoption under these statutes was not to invest the adopted person with any contractual or property right, nor to induct him into the family of his adopter, but was solely to make him a legal heir for the purpose of inheritance, subject to being pretermitted by will, and, in the absence of the latter, entitled to priority, if he were alive at the death of the adopter, to persons in any remoter rank of descent."

Respondents have cited a number of other cases of the Texas courts to the same effect as the holding in the Bell case, *supra*, which we think it unnecessary to discuss.

Under the adoption statute of Arkansas an adopted child not only becomes an heir, but its surviving parents solemnly renounce parenthood, which vests all its attendant liabilities on the parent by adoption. The adopted child ceases to be a member of the family of its natural parents and becomes a member of the family of the adoptive parent who has the custody and control of it, and it becomes, not merely the heir, but the child, born such by the will of the adoptive parent. The status of a person adopted under the Texas statute cited above as construed by the courts of that State is not that of child;

he retains all his rights to the protection, and to the estate of his natural parent, who does not surrender any of his rights with respect to the child, for, as is said in *Harle* v. *Harle*, 204 S. W. 317, citing with approval the case of *Eckford* v. *Knox*, 67 Tex. 200: ''Adoption under our statute does not constitute the adopted person a member of the family of the adopter and does not confer the privileges or impose the duties which arise from the relation of parent and child.'' In contending that the petitioner inherits, notwithstanding the will of the respondents, counsel for the petitioner states that, because a limited or qualified adoption is unknown to the laws of this State, a contrary view would be in contravention of public policy, because ''the unqualified terms of our adoption statute make the adopted child the same as the child of the blood and clothes it with all the rights of inheritance accorded to the child of the blood.'' A sufficient answer to this has already been made. The child was not adopted under the terms of our statute, nor of a similar statute, and as is said in *O'Connor* v. *Patton, supra,* ''the right of inheritance as such is conferred in our State upon a stranger in blood only by pursuing the special statutory proceeding for adoption.''

It follows from what we have said that the decree of the chancery court was correct, and, treating the proceedings had as proper, the prayer of the petitioner will be denied.