SANDERS *v.* TAYLOR.

4-4639

Opinion delivered May 3, 1937.

*Culbert L. Pearce,* for appellant.

*B. E. Taylor,* for appellee.

BUTLER, J. This action was begun in the probate court and submitted upon an agreed statement of facts from which the following appears. On November 16, 1910, Mrs. Ethel B. Sanders and T. N. Sanders were married and lived as husband and wife until his demise. No children were born of this union or to T. N. Sanders by any former marriage. On December 12, 1932, by proper order of the probate court, T. N. Sanders and Ethel B. Sanders adopted two children who were given the names of Martha Louise and Dorothy May Sanders. On December 20, 1933, T. N. Sanders executed a last will and testament and later added two codicils. On October 14, 1935, the testator died leaving Ethel B. Sanders, his widow, and his said adopted daughters his sole heirs-at-law and the principal beneficiaries under his will. The will and codicils were filed for probate as the last will and testament of the decedent and were duly admitted to probate and recorded. The person named by the testator as executor declined to serve as such and the court thereupon appointed the widow as administratrix with the will annexed. She duly qualified and is now acting as such administratrix.

A petition was filed in the probate court by Mrs. Sanders as administratrix alleging that she was entitled to take under the will, or under the law, at her election, but is unable to properly make decision without first knowing what she would receive under the law; that she believes she is entitled to one-half of the real and personal property of the estate as dower, subject only to the rights of the creditors. She further alleged that the rights of the adopted children are affected. She prayed that a guardian *ad litem* be appointed to intervene and defend for them and that the court ascertain and declare whether the petitioner, as widow, is entitled to dower under § 3536 of Crawford & Moses' Digest or under other provisions of the statutes, and that she be granted all other and proper relief.

The probate court appointed appellee, a practicing attorney, as guardian *ad litem* to appear and defend for Martha Louise and Dorothy May Sanders, the adopted daughters, who were minors. An answer was filed by the guardian *ad litem* admitting the material allegations of the petition and alleging the joint adoption of the minor children by petitioner and her deceased husband. Contention was made in said answer that petitioner was not entitled to endowment under § 3536, *supra,* but was under the other statutes relating to the dower rights of widows. Without objection the probate court entertained jurisdiction of the questions raised by the petition and answer and found as a matter of law, upon the facts as agreed, that petitioner was entitled to one-third of the personal property of said estate absolutely and to one-third of the real estate during her natural life as dower, which rights are fixed by the provisions of §§ 3514 and 3535 of Crawford & Moses' Digest; that the rights of the adopted minor children are such as if said children were born in legal wedlock to the petitioner and deceased.

On appeal to the circuit court and on the same agreed statement of facts that court declared the law in accordance with the declarations made by the probate court. On appeal from that judgment the appellant insists that she is entitled to endowment under § 3536, *supra,* which statute is as follows: "If a husband die, leaving a widow and no children, such widow shall be endowed of one-half of the real estate of which such husband died seized, * * * and one-half of the personal estate absolutely and in her own right, as against collateral heirs; * * *." The contention that this is the applicable statute is based upon the idea that dower is an estate superior to one of inheritance, that act No. 137 of the Acts of 1935 enlarged the right of inheritance of adopted children, and, to that extent, diminishes petitioner's right of dower as it existed prior to the enactment of that statute, and that, therefore, it should not be construed as impliedly affecting the pre-existing dower rights of the appellant.

We are cited to the case of *Barton* v. *Wilson*, 116 Ark. 400, 172 S. W. 1032, approving the doctrine of the Indiana courts to the effect that the widow does not take as the heir of her husband, and, upon the doctrine of that case and of *Arbaugh* v. *West*, 127 Ark. 98, 192 S. W. 171, appellant asserts that the right of dower is superior to that of inheritance. We are, also, referred to a number of our decisions which declare the rule to be that repeals by implication are not favored. We concede the soundness of the rules declared in the cited cases, but are of the opinion that the statutes relating to dower and to adoption and the rights of adopted children deal with entirely different subjects, and that act No. 137 of the Acts of 1935, *supra*, does not affect the dower rights of widows.

The contention is also made that the language of § 3536, *supra*, relates only to heirs of the body, and not to adopted children. We are cited to the case of *Starrett* v. *McKim*, 90 Ark. 520, 119 S. W. 824, and 1 Am. Jur. 664, as authority for this contention.

The cases dealing with dower rights and holding that same is an estate relate to dower consummate after the death of the husband, but, as pointed out in the cases cited by appellees, it remains an inchoate right during the lifetime of the husband, and is not an estate, but a contingent expectancy. *Smith* v. *Howell*, 53 Ark. 279, 13 S. W. 929; *Robbins* v. *Robbins*, 181 Ark. 1105, 29 S. W. (2d) 278. Therefore, it follows that the law governing the widow's right of dower is the one existing at the time of the death of the husband, and not that existing at the time of the marriage. *Hatcher* v. *Buford*, 60 Ark. 169, 29 S. W. 641, 27 L. R. A. 507; *Skelly Oil Co.* v. *Murphy*, 180 Ark. 1023, 24 S. W. (2d) 314.

We think that the effect of our late decisions, previous to the passage of act No. 137, *supra*, places the legal status of adopted children exactly as of those born in wedlock. Both classes are to be deemed children within the spirit and meaning of our law, but on this question there can now be no doubt. Act No. 137, *supra*, provides (by § 8) that the child adopted * * * "shall be invested

with every legal right, privilege, obligation and relation in respect to education, maintenance and the right of inheritance to real estate, or the distribution of personal estate on the death of the adopting parents as if born to them in legal wedlock.'' In the recent case of *Grimes* v. *Jones, ante,* p. 858, 103 S. W. (2d) 359, we had occasion to construe the statute relating to the execution of wills with reference to the rights of an adopted child. The statute provided that where a child is born to the testator after the making of a will and shall die leaving such child unprovided for in any settlement or in the will and unmentioned therein, the child shall succeed to that portion of the testator's estate to which it would have been entitled under the law regardless of the will. We there said, in substance, that where a testator, subsequent to the execution of a will, adopts a child which is not provided for by settlement or mentioned in the will, such child is entitled to inherit as a natural child. Under the plain provisions of act No. 137, *supra,* and the authority of *Grimes* v. *Jones, supra,* the trial court correctly declared the law to be that adopted children are in the same class as natural children, and, therefore, T. N. Sanders left children surviving within the meaning of § 3536 of the Digest, *supra,* and the widow is not entitled to endowment under that section.

It follows that the judgment of the trial court is correct, and it is, therefore, affirmed.