### BARNARD v. DALLAS RY. & TERMINAL CO.

Civil Action No. 1696.

District Court, N. D. Texas, Dallas Division.

Dec. 3, 1945.

Elgar L. Robertson, of Dallas, Tex., for plaintiff.

Burford, Ryburn, Hincks & Ford, of Dallas, Tex., for defendant.

ATWELL, District Judge.

The suit is brought by the mother and on behalf of a child of the deceased, and it is alleged that he was killed by a motor bus.

The mother and the child reside in California. The deceased had been divorced from the child's mother. The mother remarried. Her husband adopted, under the laws of California, the child.

The defendant moves to dismiss and for summary judgment as to the child's claim, on the ground that the relationship theretofore existing between her and the deceased having ceased, that she is not a person entitled to the statutory right to sue for the death of her natural father.

The defendant also pleads that the deceased was drunk at the time of the accident and ran into the bus, thus contributing in such a way as to bring about that which happened.

The plaintiff asks more particulars as to the alleged drunken condition, desiring a description of the alleged intoxicants, etc.

(1) The right to sue for death is given in Texas by what is now Art. 4675, Vernon's Texas Annotated Civil Statutes, which provides that "actions for damage arising from death shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children, and parents of the person whose death has been caused or by either of them for the benefit of all. If none of said parties commence such action * * *, the executor or administrator of the deceased shall commence and prosecute the action unless requested by all of such parties not to prosecute the same." ·

The defendant reasons that "child" means "a legal relationship."

Border cases, but none in point have been cited by each side. Ransom v. New York, Chicago & St. Louis R. Co., 93 Ohio St. 223, 112 N.E. 586, L.R.A.1916E, 704; In re Estate of Jobson, 164 Cal. 312, 128 P. 938, 43 L.R.A.,N.S., 1062; City of St. Petersburg v. Jacek, 79 Fla. 694, 84 So. 622; In re Hunsicker, 65 Cal.App. 114, 223 P. 411; Shaver v. Nash, 181 Ark. 1112, 29 S.W.2d 298, 73 A.L.R. 961; Galveston, H. & S. A. R. Co. v. Pennington, Tex.Civ.App., 166 S.W. 464; Saladiner v. Polanco, Tex.Civ. App., 160 S.W.2d 531; Henwood v. Richardson, Tex.Civ.App., 163 S.W.2d 256; Texas & N. O. R. Co. v. Berry, 67 Tex. 238, 5 S.W. 817; Houston & T. C. R. Co. v. Bradley, 45 Tex. 171; Atchison T. & S. F. R. Co. v. Van Belle, 26 Tex.Civ. App. 511, 64 S.W. 397; Texas & N. O. v. Miller, 60 Tex.Civ.App. 627, 128 S.W. 1165; Id., 221 U.S. 408, 31 S.Ct. 534, 55 L.Ed. 789.

The adoption statutes of both Texas and California provide that all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, but the Texas statute authorizes the adopted child to inherit from the natural parent.

■ The cause of action occurred in Texas. The suit is brought in a Texas forum. The change of responsibility for the child's maintenance, education and rearing, does not deprive her of her rights under the easily understood Texas statute. Notwithstanding the change of relationship; notwithstanding the facts that may have appealed to the adopting parent for such a course, or to the recreant natural parent for permitting such occurrence, the child

still has a right of action for the death of her natural parent. No public policy would interfere with that construction, and no judicial determination can change the meaning of a statute which does not need construing.

■ The motion to dismiss the child's claim is overruled. The motion to strike the allegation of drunkenness on the part of the deceased is overruled. The motion to require the plaintiff to state the sort of liquor that brought about the condition of the decedent is overruled.