Submitted on appellant's brief January 21, affirmed
February 11, 1953

## WHETMORE *v.* FRATELLO

252 P. 2d 1083

*Hollister & Hollister,* of Portland, and *Harry A. Slack,* of Coquille, for appellant.

No appearance for respondent.

LATOURETTE, C. J.

This is an appeal from an order dismissing plaintiff's suit, after demurrer to the complaint was sustained, wherein he sought to enforce a contract between him and his former wife in which, in consideration of his agreeing to the adoption of his child to his former wife and her new husband, he would be permitted "at all times, [to] have rights of reasonable and seasonal visitation with said minor child at the home of the First Party or wherever else said minor child may be."

Proceedings were had, culminating in the adoption of said child to its mother and stepfather, whereupon the natural father sought to visit said child pursuant to said agreement. The adoptive parents refused plaintiff permission to so visit, and he then instituted the present suit.

■ The sole question to be decided is whether or not such agreement is enforceable. The trial court held that the agreement was void as being against public policy. We agree with this holding. When the adoption took place, a new status in the life of the child was created; its care, nurture, well-being, and all the incidents of parenthood of the child devolved upon the adoptive parents. Old ties were severed and it was off with the old and on with the new, so to speak.

Obviously, the enforcement of the agreement would be derogatory to the child and against its well-being. The principle underlying adoption is primarily to promote the welfare of the child, and, unquestionably, this would not be subserved by having a split relationship.

The case of *Stickles v. Reichardt*, 203 Wis 579, 234 NW 728, is on all fours with the present case. There,

the court held the agreement to be void and unenforceable.

■ There is another reason why the agreement cannot be enforced and that is because the stepfather did not join in the agreement.

Appellant urges that the court abused its judicial discretion in not permitting appellant to plead over after the demurrer was sustained. We are not aware of any benefit that appellant could have derived from an amended pleading, nor has one been pointed out to us. There is no error in this respect.

AFFIRMED.