Argued April 13, affirmed April 27, 1955

# WHETMORE $v.$ FRATELLO

282 P. 2d 667

*R. F. Hollister* argued the cause for appellant.

*Manche Langley,* Deputy District Attorney, of Portland, argued the cause for respondent.

Before WARNER, Chief Justice, and TOOZE, LUSK and BRAND, Justices.

TOOZE, J.

This is a suit to set aside and declare null and void a decree of adoption entered in the county court for Coos county, Oregon, brought by James Edward Whetmore, as plaintiff, against Benny J. Fratello and Phyl-

lis Joanne Fratello, husband and wife, and the state of Oregon, as defendants. A decree was entered dismissing plaintiff's suit with prejudice, and he appeals.

■ On January 19, 1948, a decree of divorce was duly entered in the circuit court for Multnomah county in favor of Phyllis Joanne Whetmore against her then husband, James Edward Whetmore, and the custody of Edward Claude Whetmore, the minor child of said parties, was awarded to the mother, subject to the father's right of visitation.

In the month of August, 1950, Phyllis Joanne Whetmore was married to the defendant Benny J. Fratello. In February, 1951, the defendants Benny J. Fratello and Phyllis Joanne Fratello, his wife, jointly petitioned the county court of the state of Oregon for Coos county, for the adoption by them of the said minor child, Edward Claude Whetmore.

Prior to the time said petition for adoption was filed in said court, on the 19th day of January, 1951, the father of said minor child, the plaintiff in this suit, executed and acknowledged the following consent to adoption:

"SURRENDER AND CONSENT TO ADOPTION
"KNOW ALL MEN BY THESE PRESENTS, That I, JAMES EDWARD WHETMORE, father of Edward Claud[e] Whetmore, born April 24, 1946 at Portland, Multnomah County, Oregon, by these presents do hereby surrender said Edward Claud[e] Whetmore unto Phyllis Joanne Fratello and Benny J. Fratello of North Bend, Coos County, Oregon and do of my own free will place said son in the possession of said Phyllis Joanne Fratello and Benny J. Fratello, and I do hereby consent to the adoption of my said son by the said Phyllis Joanne Fratello and Benny J. Fratello, and do hereby request the Court to give favorable consideration to their said petition for adoption.

"I do further waive any and all notice of any proceedings with reference to the adoption of my said son.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal this 19 day of Jany. 1951.
"[Sgd.] JAMES EDWARD WHETMORE

(SEAL)

"WITNESSES:
[Sgd.] R. F. HOLLISTER
[Sgd.] ROBERT H. HOLLISTER

"STATE OF OREGON )
) ss.
County of Multnomah )

"This certifies that on this 19 day of Jany. 1951 before me, the undersigned a Notary Public in and for said county and state, personally appeared the within named James Edward Whetmore, who is known to me to be the identical individual described in and who executed the foregoing surrender and consent to adoption and acknowledged to me that he executed the same freely and voluntarily for the uses and purposes therein set forth.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal the day and year last above written.

"[Sgd.] R. F. HOLLISTER
Notary Public for Oregon
My Commission Expires: 1-2-53".

The foregoing consent to adoption was attached to the petition for adoption filed in the Coos county court and made a part thereof.

On April 5, 1951, the county court for Coos county entered its decree approving the adoption of Edward Claude Whetmore by the defendants Benny J. Fratello and Phyllis Joanne Fratello, and changing the child's name to Edward Jay Fratello.

No citation or other notice was served upon the plaintiff, James Edward Whetmore, father of said child, in said adoption proceedings.

Plaintiff contends that the decree of adoption is void because he was not served with process or any notice in the adoption proceedings.

Section 63-401, OCLA (ORS 109.310), in part provides:

"Any person may petition the county court for leave to adopt a child and, if desired, for a change of the child's name, but the prayer of such petition by a person having a husband or wife shall not be granted unless the husband or wife join therein. Such petition may be filed in the county where the petitioner resides, if a resident of Oregon, or in the county where the parent or guardian resides; * * *."

Section 63-402, OCLA (ORS 109.320), provides:

"*The parents of the child, or the survivor of them, shall except as herein provided, consent in writing to such adoption.* * * * in case the legal custody of such child shall have been awarded in divorce proceedings, *the consent of the person to whom such custody has been so awarded may be held by the court sufficient, but in such case citation to show cause why the proposed adoption shall not be made shall be served upon the parent of such child not having the custody* in the manner provided by law for the service of citation in probate matters, and the objections of such parent shall be heard, if appearance be made; provided, further, that the provisions of this section shall not be so construed as to limit or qualify the provisions of section 126-328." (Italics ours.)

Under this statute the consent of the parents, or the survivor of them, is required as a condition of adoption, except where the parents have been divorced, and in such case the consent of the parent to whom custody

of the child was awarded in the divorce suit may be held by the court to be sufficient. In cases where the consent to adoption has been given by the parent to whom custody of the child was awarded, the statute requires that citation be served upon the other parent to show cause why the proposed adoption should not be made. However, if such other parent has also consented to the adoption, no such notice is necessary. Consent takes the place of notice. The sole purpose of the citation and notice provided for is to give a nonconsenting parent an opportunity to appear and contest the adoption proceedings if he or she so desires. Where both parents consent to the adoption of their child by another, and whether they remain married or are divorced, it is not necessary to serve them with citation or other notice in the adoption proceedings. In such cases the statute makes no such requirement as the basis of jurisdiction of the court to enter a decree of adoption. It is only where consent is lacking that notice is required. In 1 Am Jur 642, Adoption of Children, § 40, it is stated:

> "As has been said, consent, *or its procedural equivalent, notice,* forms the basis of a proceeding for adoption. It is a jurisdictional fact, a condition precedent, compliance with which is essential to the full validity and effect of the decree. There can be no doubt that the rights of the parents cannot be cut off, *in the absence of consent,* unless they have had notice of the proceeding and an opportunity to resist the action, in which event failure to appear might be regarded as equivalent to consent."

(Italics ours.)

In the adoption proceeding involved here, plaintiff, as father of the child, gave his express consent to the adoption in writing. He was not entitled to be served with citation or other notice in the adoption matter.

■ In 2 CJS 435, Adoption of Children, § 54 c., it is stated:

"Where the jurisdictional requirements of notice * * * or consent * * * have not been met, the proceedings are void, and may be set aside. Accordingly, the order of adoption will be set aside or reopened where it is shown to have been procured without the consent of or notice to the child's parent, or, if required by statute, to the child's guardian. *Where final consent has been given by those authorized to give it, and the adoption order entered or judgment thereon rendered, the natural parents or those authorized to give or withhold consent cannot have a change of heart and invalidate the adoption by revoking their consent.*" (Italics ours.)

In *Adoption of Simpson*, 203 Or 472, 280 P2d 368, 369, we said:

"Adoption was unknown to the common law, having its conception in the civil law, and existing in this state only by reason of statute. Being in derogation of the common law, all jurisdictional requirements must be met in order that the court may exercise this special power conferred upon it by statute. In re Estate of Myers, 197 Or 520, 524, 254 P2d 227, and cases cited therein; Furgeson v. Jones, 17 Or 204, 217, 20 P 842, 3 LRA 620.

"*Consent of the natural parents is the jurisdictional foundation upon which our statutes of adoption are built.*" (Italics ours.)

It is manifest that the adoption proceedings in the county court of Coos county met all jurisdictional requirements, and the decree of adoption was and is a valid decree.

Furthermore, it is to be noted that the instant suit was prosecuted pursuant to the provisions of § 63-410, OCLA (ORS 109.380), which read as follows:

"A parent who has not, before the hearing upon a petition for the adoption of his child, had personal

notice thereof, may, at any time within one year after actual notice, apply to the circuit court to reverse the decree; said court, after due notice, *may in its discretion reverse the same if it appears that any of the material allegations in the petition were not true.''* (Italics ours.)

The suit was filed in the circuit court for Multnomah county, rather than in the circuit court for Coos county. If an appeal had been taken from the adoption decree, it necessarily would have been taken to the circuit court for Coos county.

Section 63-409, OCLA (ORS 109.370), provides:

"Any petitioner may appeal to the circuit court from the decree of the county court on a petition for the adoption of another in like manner as appeals may be taken from the other decrees of that court. Any child made the subject of such petition may, by a next friend, appeal in like manner; but no bond shall be required, or costs awarded against such child or next friend."

Sections 63-409 and 63-410, OCLA, were enacted in 1864 as parts of a complete Act relating to the adoption of children: ch XII, Title IV, p 693, §§ 68 and 69, Deady's General Laws of Oregon, 1845-1864. There has been no change in the wording of the two sections of the statute from the date of their enactment to this day.

■ The "circuit court" mentioned in § 63-409, OCLA, supra, is the circuit court of the county in which such county court is located. No other circuit court would have jurisdiction of such an appeal.

■ The right of appeal is limited by the statute to the petitioner on a petition for adoption, and to the child involved, acting by a next friend. The right of appeal in this state is purely statutory, and it does not exist in the absence of statute specifically providing therefor. It is questionable whether a parent or other person

appearing in opposition to a petition for adoption has the right of appeal provided for in this statute, but it is unnecessary for us to, nor do we, decide that question in this case. We leave it open for decision when decision thereon may become necessary.

■ However, it appears obvious that the suit authorized by § 63-410, OCLA, supra, is for the purpose of rectifying a mistake made in the original adoption proceeding and where no appeal from the decree of adoption has been taken, and the time for an appeal has expired. It is a limited remedy afforded a parent who had no notice of the adoption proceeding, and, therefore, no opportunity to contest it, to set aside the decree of adoption when it is made to appear that any of the *material allegations of the petition were not true*. It gives such a parent a right of review, although the extent of the review is expressly limited. It is manifest that the ''circuit court'' mentioned in this statute is the same ''circuit court'' referred to in § 63-409, OCLA; that is, the circuit court of the county in which the decree of adoption was entered. No other circuit court would have jurisdiction of the subject matter.

■ This is made quite apparent when we consider the fact that under the judicial system that has now prevailed in this state for many years, adoption proceedings in many counties are now prosecuted originally in the circuit court, rather than in the county court. Although while sitting as a court of original jurisdiction in adoption matters, the circuit court is a court of special and limited jurisdiction, nevertheless, it is a circuit court possessing exclusive jurisdiction over the subject matter. It would indeed present an anomalous situation if one circuit court had the jurisdiction to override and set aside the decree of another circuit court. The Supreme Court only is permitted to review decrees of the circuit court.

■ The circuit court for Multnomah county had no jurisdiction to entertain this suit.

We need not discuss plaintiff's second cause of suit, not only because of what we have heretofore said, but also because it has as its basis an alleged agreement which this court has heretofore held to be void as being against public policy: *Whetmore v. Fratello,* 197 Or 396, 252 P2d 1083.

The decree is affirmed.