EDWARDS v. MARTIN.

5-2029                                              331 S. W. 2d 97

Opinion delivered January 18, 1960.

*Paul K. Roberts,* for appellant.

*L. B. Smead,* for appellee.

J. SEABORN HOLT, Associate Justice. This is a contest between appellant, the mother, and appellee, the grandmother, over the custody of a minor child. From an order awarding its care and custody to the grandmother comes this appeal. The record reflects that in 1948 appellant (then Ernestine Martin) married Bob Foord and the child in question, Richard James Foord, was born to them February 19, 1952. While bringing his wife and child to Camden, Arkansas from Indiana on October 22, 1952, Foord's automobile struck the abutment of a bridge over the St. Francis River and he was killed, and the appellant and child were severely injured. Appellant was confined in a hospital for many weeks due to shock and injuries resulting in an operation of major abdominal surgery. After leaving the hospital, appellant went to the home of her parents to convalesce and appellee (her mother) was appointed guardian of appellant.

March 20, 1956 Ruby Mae Foord, the child's aunt, filed a petition in the Probate Court of Ouachita County praying that she be appointed guardian of the child, and without any notice of the hearing of the petition being furnished appellant, Ruby Mae Foord was appointed guardian on March 30, 1956. September 20, 1957 appellant married Graydon Edwards of Irwin, Ohio and they established a home there. September 16, 1958 appellant filed a motion in the Probate Court of Ouach-

ita County to quash the order of March 30, 1956 wherein Ruby Mae Foord was appointed guardian, and on October 10, 1958 the probate court quashed the previous order appointing Ruby Mae Foord guardian, and ordered that the child remain in the custody of appellee, its grandmother. On October 23, 1958, appellee filed her petition in the Probate Court of Ouachita County praying that she be appointed guardian of the child. Appellant resisted appellee's prayer to be appointed guardian of the child and asked the court to grant to her, appellant, permanent custody of the child. After hearing rather voluminous testimony, the probate court entered its order granting custody of the child to appellee, its grandmother, and denying appellant's request for custody. It thus appears that all of the above proceedings were had in probate which has the power and authority to appoint guardians, but it is without power or authority to determine a contest over the care and custody of a minor without invading the jurisdiction of chancery courts.

In the present case, the probate court undertook to determine who should have "care and custody" of the minor here, a power reserved to chancery courts only. We said in 178 Ark. 583, 12 S. W. 2d 879, *Kirk* v. *Jones,* "Minors are the wards of chancery courts, and it is the duty of such courts to make any orders that would properly safeguard their rights." See also *Richards* v. *Taylor,* 202 Ark. 183, 150 S. W. 2d 32.

This court, in the early case of *Myrick* v. *Jacks,* 33 Ark. 425, said: "The general jurisdiction over the persons and property of minors belongs to the Chancery Courts. It is a very high trust, involving the most delicate and important interests of a helpless class, which is peculiarly the subject of the jealous and watchful care of chancery, and which is peculiarly liable to injury from the greed of crafty men and the carelessness of relations. Courts of probate have, by the statute, been entrusted with some limited powers over the estates of minors in the hands of administrators and guardians, and within the scope of those statutory pow-

ers they are certainly entitled to all presumptions accorded to superior courts of record. But they had no such jurisdiction by common law, and beyond the limits given they have none now. * * * if they undertake to make an order not authorized under any circumstances, although they may have jurisdiction over the same property for other purposes, it is void." See also *Watson* v. *Henderson,* 98 Ark. 63, 135 S. W. 461 and *Crenshaw* v. *Crenshaw,* 203 Ark. 1086, 160 S. W. 2d 37.

Accordingly, the order of the probate court is reversed and the cause remanded with directions to transfer the case to the chancery court for further proceedings consistent with this opinion.