THE PEOPLE *ex rel*. Andrew Donovan, Appellant, *vs*. ROBERT M. SWEITZER, County Clerk, *et al*. Appellees.

*Opinion filed April 21, 1928—Rehearing denied June 13, 1928.*

ELECTIONS—*certificate of election of judge of the superior court must be issued by Secretary of State.* As there is no distinction between judges of the circuit courts and judges of the superior court of Cook county under sections 23 and 24 of article 6 of the constitution, the certificate of election of a judge of the superior court is to be issued by the Secretary of State the same as the certificates of election of judges of the Supreme Court and of the circuit courts, and the duty of the county clerk ends with the transmission to the Secretary of State of the abstracts of the votes cast.

APPEAL from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

A. D. GASH, for appellant.

ALFRED S. AUSTRIAN, for appellee Robert M. Sweitzer, and GRENVILLE BEARDSLEY, for appellee Frank Comerford.

Mr. JUSTICE DUNN delivered the opinion of the court:

Andrew Donovan, as relator, filed a petition in the name of the People of the State of Illinois in the superior court of Cook county, praying for a writ of *mandamus* directed to Robert M. Sweitzer, county clerk of Cook county, requiring him to issue a certificate of election of the relator to the office of judge of the superior court of Cook county. The court sustained a demurrer to the petition and dismissed it, and the relator appealed.

The petition showed that the names of the relator and of Frank D. Comerford were printed on the official ballot used in the judicial election on June 6, 1927, as candidates for the office of judge of the superior court, in which a vacancy existed which was to be filled at that election; that

the relator received 9013 votes and on June 10 demanded of the respondent that he issue a certificate of election to the relator, but the respondent refused to do so because of the fact that Comerford had received a larger number of votes than the relator. The petition contained allegations that Comerford was not nominated in any manner authorized by law, that no legal certificate of his nomination was filed, and his name was printed on the official ballots in violation of the election laws of the State, and the facts upon which these allegations are based were alleged. It is unnecessary to state these allegations, for the reason that the demurrer was properly sustained because the act which the court is asked to require the county clerk to perform is not a duty imposed by law upon him.

Section 29 of article 6 of the constitution directs that all judicial officers shall be commissioned by the Governor. Section 71 of the act of 1872 in regard to elections and to provide for filling vacancies in elective offices, as amended, is as follows:

"Sec. 71. Within seven days after the close of the election, the county clerks of the respective counties, with the assistance of two justices of the peace of the county, shall open the returns and make abstracts of the votes in the following manner, as the case may require:

"Of votes for Governor and Lieutenant-Governor, on one sheet; of votes for State officers, on another sheet; of votes for presidential electors, on another sheet; of votes for United States senators and representatives to Congress, on another sheet; of votes for judges of the Supreme Court, on another sheet; of votes for clerk of the Supreme Court, on another sheet; of votes for judges of the circuit court, on another sheet; of votes for senators and representatives to the General Assembly, on another sheet; of votes for members of the State Board of Equalization, on another sheet; of votes for trustees of the University of Illinois, on another sheet; of votes for amendments to the

constitution, and for other propositions submitted to the electors of the entire State, on another sheet; of votes for county officers and for propositions submitted to the electors of the county only, on another sheet. The foregoing abstracts shall be preserved by the county clerk in his office."

Section 72 provides that "the county clerk shall make out a certificate of election to each of the persons having the highest number of votes, for the several county offices, and deliver such certificate to the person entitled to it, on his application." Section 76 provides: "Immediately after the completion of the abstracts of votes, the county clerk shall make two correct copies of the abstracts of votes for Governor, Lieutenant-Governor, Secretary of State, Auditor of Public Accounts, Treasurer, Attorney General and Superintendent of Public Instruction, both of which said copies he shall envelope and seal up, and endorse upon the envelopes in substance, 'Abstracts of votes for State officers from . . . . . . . . . . county;' and he shall address one of the envelopes containing said copies or abstracts of votes for State officers to 'the Speaker of the house of representatives,' and the other he shall address to 'the Secretary of State.' The county clerk shall, at the same time, envelope and seal up a copy of each of the abstracts of votes for other officers and amendments to the constitution and other propositions voted on, and indorse the same so as to show the contents of the package, and address the same to the Secretary of State. The several packages shall then be placed in one envelope and addressed to the Secretary of State."

Under sections 23 and 24 of article 6 of the constitution the superior court and circuit court were placed upon precisely the same footing. There is no distinction between them except in name, and the superior court and the circuit court are practically branches of the same court. The superior court is in legal effect a circuit court. Where a special statutory jurisdiction is conferred on the circuit court, the

superior court will by the same act, though not named, acquire a like jurisdiction, and *vice versa.* (*Jones* v. *Albee,* 70 Ill. 34; *Hall* v. *Hamilton,* 74 id. 437.) Although called by different names, the judges of each court are civilly, under the law as it now stands, in fact but circuit judges. (*Samuel* v. *Agnew,* 80 Ill. 553; *Chicago and Northwestern Railway Co.* v. *Chicago and Evanston Railroad Co.* 112 id. 589; *Cobe* v. *Guyer,* 237 id. 516.) The direction of section 71 to the county clerk to make an abstract of the votes for judges of the circuit court on another sheet requires him to also include an abstract of votes for judges of the superior court of Cook county, and by section 76 he must envelope and seal up a copy of this abstract of the votes for circuit and superior court judges, addressed to the Secretary of State, and transmit it, with the abstracts of the votes for other officers and amendments to the constitution and other propositions voted on, to the Secretary of State. It then becomes the duty of the State canvassing board, under section 78, to canvass the votes for the various officers, including judges of the circuit and superior courts, and to declare the persons having the highest number of votes for the respective offices duly elected, and the duty of the Governor to give a certificate of election or commission, as the case may require, to each person duly elected. Certificates of election for judges of the Supreme Court, judges of the circuit court and judges of the superior court of Cook county are to be issued by the Governor and not by the county clerk. (*People* v. *Sweitzer,* 266 Ill. 459.) The duty of the county clerk ended with the transmission to the Secretary of State of the abstracts of the votes cast for circuit and superior court judges.

The judgment is affirmed.

*Judgment affirmed.*