630

FRANCES DWYER, Appellant, *vs.* THOMAS L. DWYER, Appellee.

*Opinion filed June 11, 1937—Rehearing denied October 7, 1937.*

TEED, KAMMERMANN & JOHNSON, (HUGH E. JOHNSON, of counsel,) for appellant.

SOCRATES, DAVIS & COHEN, (NICHOLAS A. SOCRATES, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The superior court of Cook county held Thomas L. Dwyer to be in contempt for failure to comply with an order to pay Frances Dwyer $10 per week for the support of their minor child, Thomas E. Dwyer. An appeal was taken to the Appellate Court for the First District where the order was reversed and the rule discharged. This court granted a leave to appeal.

The facts are stipulated. In the year 1927, Frances Dwyer procured a divorce in the superior court from defendant on the grounds of desertion. Their minor child was then about three years of age. By the consent of both parents, the child was adopted in the county court of Cook county by the maternal grandparents on the day prior to the entry of the divorce decree, which recites the adoption. Plaintiff waived alimony and the decree made no provision therefor, or for the support of the child. The grandfather died in 1931, insolvent, and, in 1933, the grandmother remarried and moved to the State of Texas. The child was thereafter supported by plaintiff. In December, 1934, she adopted the child in the county court and later, in the same month, filed a petition in the superior court against defendant for an order of support for the child, and solicitor's fees. His answer claimed non-liability because of the adoption proceedings. After a hearing, the court entered an order on January 28, 1935, requiring him to pay $10 a week for the support of the child, and $50 solicitor's fees. Notice of appeal and *præcipe* for record were filed, but the appeal was later dismissed. Defendant's petition to vacate the order was denied for want of equity. No appeal was taken from the latter order. In June, following, defendant made payment of the amount accrued, under a rule to show cause entered in May, and the rule was dismissed, with an

order for $75 solicitor's fees. In January, 1936, plaintiff filed another petition for a rule to show cause, alleging arrears of $80. Defendant's answer admitted $40 arrearage in payments, but challenged the jurisdiction of the court to enter the order of January 28, 1935. Upon a hearing, the order adjudging him guilty of contempt was entered, finding the arrearage to be $80, and committing him to jail for not to exceed six months, or until he pay the amount of the arrearage. It is stipulated that defendant's only objection was that the court was without jurisdiction to enter any order against him.

If the superior court had jurisdiction to enter the order of January 28, 1935, it was a final order and stands unreversed. On the other hand, if the court had no jurisdiction to enter the order, it is void and may be attacked collaterally as is sought to be done by defendant. Defendant's contention is that, when his child was adopted by others, he was, by the terms of the Adoption act, relieved of all duties and obligations to thereafter support it. On that premise he says the court was without jurisdiction to enter any order requiring him to do so, and that, in a contempt proceeding, the want of jurisdiction is a complete defense. Plaintiff concedes that if the order was void it may be questioned in a contempt proceeding, but claims the court was not without jurisdiction, and even if it erroneously interpreted the statute, the order was not void, and could be reviewed only by appeal or writ of error.

Section 3 of the Adoption act (State Bar Stat. 1935, chap. 4, sec. 3; Smith-Hurd Stat. 1935, chap. 4, sec. 3;) provides that the decree shall order that, from its date, "the child shall, to all legal intents and purposes, be the child of the petitioner or petitioners." Section 5 provides: "A child so adopted shall be deemed, for the purposes of inheritance by such child, * * * and other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as

if he had been born to them in lawful wedlock, except that he shall not be capable of taking property expressly limited to the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation." Section 8 provides: "The natural parents of a child so adopted shall be deprived, by the decree, of all legal rights, as respects the child, and the child shall be freed from all obligations of maintenance and obedience as respects such parents."

In *Ryan* v. *Foreman,* 262 Ill. 175, relied upon by defendant, the issue was whether or not a minor adopted child was entitled to the pension of a deceased policeman, after the death of the widow. In the course of the opinion holding that he was so entitled, we said: "While the legislature has not the power to abrogate the laws of. nature and say who shall be natural children or offspring, it has the right to say and designate a class of persons who shall have all the rights of children or shall stand in the relation of parents and children." Quoting the above provisions of sections 3 and 5 we observed: "The legal consequences and incidents arising from the relation of parent and child are many, and change, as time goes on, with changes of society, and vary according to the circumstances and means of the parties. They include the right of support, education and care from the parent by adoption. All such legal consequences and incidents are known to the law and embraced within the statute." The question in that case was whether the legislature, in enacting the Police Pension Fund law, intended to include, within its provisions, adopted children as well as natural children, and we held it did.

The statute does not provide that an adoption relieves the natural parents of their duty to support their offspring. The only express provision of the statute as to the respective rights and duties of natural parents and their children is found in section 8, which deprives the natural parents of all their legal rights in respect to the child, and frees

the child from any obligation to maintain or obey the natural parents. An adoption of a child does not work a complete severance in the relationship between the child and its natural parents. The duty of a parent to support his minor child arises out of the natural relationship, and while that duty may also be imposed upon the adoptive parents by statutory enactment, the natural parent may, if necessity arises, be required to perform that duty. The primary duty of the adoptive parents to support is in derogation of the general law, and it is for that reason that, as to the adopted child, the statute must be strictly construed. (*Keegan* v. *Geraghty,* 101 Ill. 26.) The statute is not to be construed as relieving the natural parents from all obligation to support their minor children.

From time immemorial courts of general jurisdiction have been invested with the power of construing statutes to ascertain the legislative intent, and such power cannot now be questioned. The superior court of Cook county is a court of general jurisdiction, concurrent with that of circuit courts. (*People* v. *Sweitzer,* 330 Ill. 426; *Cobe* v. *Guyer,* 237 id. 516.) It has jurisdiction of causes both in law and in equity. (*People* v. *Graw,* 363 Ill. 205.) When defendant raised the issue that the adoption relieved him from all duties and obligations of supporting his child, the question became one for judicial construction of the statute, committed in the first instance to the *nisi prius* court. The issue presented in this case was within the jurisdiction of the superior court, and its validity cannot be questioned collaterally. That question could be presented only by appropriate proceedings to review the order.

The judgment of the Appellate Court is reversed, and the judgment of the superior court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of superior court affirmed.*