Robert Leon Willey and Wilma Jean Willey, Appel-
lees, v. Richard J. Lawton, Appellant.

Gen. No. 46,662.

First District, First Division.

January 9, 1956.

Released for publication February 27, 1956.

Jacobson & Gilley, of Chicago, for appellant.

William F. Nissen, of Chicago, for appellees.

JUDGE NIEMEYER delivered the opinion of the
court.

Defendant appeals from an order denying his motion to vacate a judgment by confession for $1,099.32, including attorney's fees, entered on a note for $2,000 bearing on its face the notation "Settlement of Child Support Payments."

The petition to vacate is uncontradicted and must be taken as true. It recites that the plaintiffs are the former wife of defendant and her second husband; that defendant was divorced from his former wife in 1945 in Chicago Heights, Illinois, the decree directing the defendant to pay $17 per week for the support of two minor children of the parties; that sometime in 1950 defendant was in arrears in payments for child support approximately $200, and the attorney for the plaintiffs threatened to have defendant jailed for nonsupport and suggested that an adoption of the children could be arranged by plaintiffs for $5,000; that plaintiffs stated they would adopt the children for $5,000 so that defendant would not be required to pay future child support; that the consideration and inducement for the execution of the note was that the plaintiffs would adopt the children, and no other consideration whatsoever; that the petitioner paid $3,000 in cash in November 1950 and executed the note for $2,000 involved herein and thereafter made payments of approximately $1,400; that the note and the consideration on which it is based are founded upon an illegal contract which is void and against public policy and should not be enforced by the court.

■ The effect of the adoption is to change the custody of the children from the natural mother under the divorce decree to the joint custody of the natural mother and her second husband, followed by the sole custody by the survivor of them, to deprive the defendant of all legal rights respecting the children and free them of the obligation of maintenance of and obedience to defendant. Adoption Act, Ill. Rev. Stats. 1955, chap. 4, sec. 5—1 [Jones Ill. Stats. Ann. 19.012(17)]. Except

for the ultimate liability of defendant to support the children (Dwyer v. Dwyer, 366 Ill. 630) and the children's right to inherit from and through defendant (In re Estate of Tilliski, 390 Ill. 273), all legal and natural relations between defendant and the children were terminated.

The sole justification for this disruption of the family relation and the termination of the natural association between parent and child, is the welfare of the child. It is not enough that the adopting parents are willing to assume the obligations to the child imposed by the adoption act and that the parents are willing that the child be adopted. The court must find that the welfare of the child will be promoted by the change in its status to an adopted child. The agreement between the natural parent and adopting parents whereby the latter for a consideration payable to them agree to adopt a child or children of the natural parent, is contrary to the public policy and therefore void. We have been referred to no case where the validity of a contract similar to the one before us was determined. In Hooks v. Bridgewater, 111 Tex. 122, where the father delivered his child to a third person on a promise of the latter to leave his property to the child, the court said:

"The law should not encourage the relinquishment by parents of their children and the renunciation of a sacred relation imposed by nature merely for the children's enrichment by placing the seal of validity upon a contract in which a parent in effect barters his child away for a property return. It is more concerned in fostering and maintaining that relation and guarding its valuable and wholesome influences than in promoting the child's financial prosperity. Let it be once held that a parent's contract of this kind is valid and may be enforced, and every parent will be free to transfer his children to any one willing to pay them well for the

bargain. We are unwilling to subscribe to such a doctrine. It tends to the destruction of one of the finest relations of human life. . . ."

Plaintiffs object that this statement was obiter dicta. If so, it states a principle which is sound and should prevail. The same principle was stated in Parks v. Parks, 209 Ky. 127, 132, where the court said, "Infant children are neither parties nor privies nor the subject of barter."

██ In principle the present contract is similar to contracts to get or permit a divorce. Authorities need not be cited to establish the fact that such contracts are against public policy and void.

██ Because the promise of defendant to pay plaintiffs to adopt his children is against public policy, a note given to evidence the obligation to pay a part of that consideration is void. The court erred in refusing to vacate the judgment.

The judgment is reversed and the cause remanded with directions to allow the petition and vacate the judgment.

Reversed and remanded with directions.

FRIEND, P. J. and BURKE, J., concur.