197 So.2d 570 (1967)
Robert M. LEE, Appellant
v.
Hazel KEPLER, Appellee.
No. 66-512.
District Court of Appeal of Florida. Third District.
April 11, 1967.
*571 Chesley V. Morton, Ft. Lauderdale, Ernest W. Yocom, Miami, for appellant.
Helen Tanos Hope, Miami, Richard H.W. Maloy, Coral Gables, for appellee.
Before PEARSON, CHARLES CARROLL and BARKDULL, JJ.
CHARLES CARROLL, Judge.
The appellant Robert M. Lee seeks reversal of an order finding him guilty of willful disobedience of a child visitation order, and sentencing him to be confined in the Dade County jail for a period of 10 days.
The appellant and Marilyn Frances Lee were divorced by a decree of the circuit court in Dade County on March 27, 1962. By that decree the custody of their child, Timothy Lee then two years of age, was granted to the mother. She died on January 25, 1963. The father promptly assumed custody of the child, and on February 12, 1963, moved in the divorce suit for modification of the decree to award him the custody. His motion was granted by an order entered on May 29, 1963. The order recited that the father had remarried and was residing in Broward County; that he had allowed visitation of the child with the maternal grandmother, the appellee Hazel Kepler; that from March 13 to May 28, 1963, the grandmother's attorney *572 had withdrawn and kept possession of the court file of the divorce suit; that on an occasion when the grandmother had received the child for a visit on May 22, 1963, she had on that date applied for and obtained, without notice, an order of a judge of the Dade County Juvenile and Domestic Relations Court which awarded her "temporary custody;" and that no order had been made by the Dade County circuit court transferring jurisdiction of the divorce cause to the Dade County juvenile court as to custody of the child or otherwise.
In the order of the circuit court dated May 29, 1963, it was further recited that the father's motion was heard "on notice to counsel for the maternal grandparent, Hazel Kepler, and upon the sworn testimony of the natural father" and upon review of the pleadings in the Dade County juvenile court and the order of that court entered May 22, 1963. The order thereupon entered by the circuit court, in effect, countermanded the Dade County juvenile court's order, awarded custody of the child to his father and directed that the child be delivered over to him. That order contained no provision for visitation.
Approximately a year later the maternal grandmother filed a motion in the divorce suit seeking to have the divorce decree further modified to grant her visitation rights. On March 9, 1964, her motion was allowed, and the decree was modified to provide that she was granted visitation rights to have the child in her home or elsewhere for 30 hours every other week end, with a provision that such periods of visitation, if not agreed upon, were to be from noon on Saturdays to 6:00 o'clock P.M. on Sundays. That order also enjoined the father from removing the child "outside the jurisdiction of this Court[1] without further order of this Court."
On March 4, 1966, the maternal grandmother filed in the divorce suit a petition for the issuance of a rule to show cause against the father, alleging that he had denied the visitation on the week end of February 12, 1966, and had announced intention to deny such visitation thereafter. The rule was issued, and made returnable April 21, 1966. The jurisdiction of the circuit court of Dade County to issue a rule to show cause to a person not within the county and who was residing in another circuit, as a means of enforcing a provision of the divorce decree, was not challenged by the father, who responded thereto.
In the response to the rule, filed on behalf of the father by his Broward County attorneys, he submitted, as the reason for denying the visitation, that his wife had sought and obtained from the circuit court in Broward County a decree of adoption as the step-mother of the child, reciting the number of the Broward County adoption cause and the date of the adoption decree, July 22, 1964; that objections filed by the grandmother to the adoption were expressly rejected by the adoption decree, which further provided "that all persons claiming any right or privileges concerning any of the minor children[2] be and the same are forever barred, from asserting or enforcing any such right."
In his response the father further alleged that despite the adoption decree he and his wife voluntarily had continued to allow the child to visit with the grandmother as before, but had decided against allowing the child to be taken away from its home for *573 such visits after seeking professional help due to an emotional problem of the child, and upon being advised that such visitation was operating adversely to the health and well being of the child. The response filed by the father contained a further statement that after having been so advised he related such information to the maternal grandmother and "that they were of necessity restricting her visitation privileges with the child to visits in their home."
Those defensive positions taken by the father in his response were supported by a certified copy of the Broward County adoption decree and medical reports which were filed in the matter.
We hold that on the facts and circumstances disclosed, the order adjudging the father in contempt was in error, and we reverse. Our ruling is based on two grounds urged by the appellant. First, a similar order granting week end visitation to a non-parent, of a child whose custody had been awarded to a fit parent, was held to be unjustified and unenforceable, in Parker v. Gates, 89 Fla. 76, 103 So. 126. Secondly, as a result of the adoption of the child by the step-mother, the rights of the grandmother to partial custody or visitation as previously granted in the divorce suit were vitiated, as to the child's step-mother, and therefore were not enforceable against her or the child's father.[3]
Except as to her husband, the father of the child, the adoption of the child by the step-mother (as authorized by § 72.11 Fla. Stat., F.S.A.) operated to divest the rights of others with respect to the child. § 72.22 Fla. Stat., F.S.A. In re Brock, 157 Fla. 291, 25 So.2d 659. The result of the adoption by the step-mother was "to place the adopted child as far as possible in the same position as the natural child to all intents and purposes." In re Baker's Estate, Fla.App. 1965, 172 So.2d 268, 271. The circuit court in Broward County had jurisdiction to grant a decree of adoption of the child, notwithstanding provisions of the prior divorce decree rendered in Dade County which had dealt with the custody of the child. In re DeWalt's Adoption, Fla.App. 1958, 101 So.2d 915; Lewison v. State, Fla.App. 1966, 193 So.2d 53.
The parental rights which the step-mother gained through adoption are not subject to be controlled or affected by prior orders for custody or for visitation in the divorce suit to which the father had been a party. See Modacsi v. Taylor, Fla. App. 1958, 104 So.2d 664. An adoption decree which can operate to divest a natural parent of his rights with respect to a child, a fortiori may divest a non-parent of any previously held rights to custody or visitation.
This decision reversing the order holding the father in contempt need not operate to prevent the maternal grandmother from seeing the child, for whom she has shown great interest and affection, nor deprive the child of the benefit and pleasure to be derived therefrom; and the child's father so indicated in his response to the rule to show cause. But the father and his wife  he as a natural parent and she as a parent by adoption  are entitled to determine the frequency, time and the place of the visitation with the child which they may accord to the appellee. See 39 Am.Jur., Parent and Child, § 14.
For the reasons stated the order appealed from is reversed.
Reversed.
NOTES
[1] As the record indicates the father was continuing to reside in Broward County, the provision of the order enjoining his removal of the child from the jurisdiction of the court, which was Dade County, as worded, would have prevented him from maintaining the child at his home in Broward County.
[2] That reference to "children" in the adoption decree is explained by the fact that it was a joint proceeding in which the step-mother sought and obtained adoption of the child involved in this cause, and in which the appellant also sought and obtained a decree of adoption of his wife's children by a former marriage, who were in her custody.
[3] This is so because enforcement of the prior visitation order against the father would also amount to its unauthorized enforcement against the adopting step-mother.