(Nos. 42959. 43495 cons.—

THE PEOPLE *ex rel.* Andrew Bachleda *et al.,* Appellants, *vs.* ROLAND DEAN *et al.,* Appellees.

*Opinion filed March 16, 1971.*

PATRICK F. MAHONEY, of Chicago, (PHILIP J. McGUIRE, of counsel,) for appellants.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is a child custody case arising on appeal from the dismissal of a *habeas corpus* petition in the circuit court of Cook County and also from a judgment of the same court in

a section 72 proceeding in which the court refused to vacate its *habeas corpus* order.

Andrew Bachleda and his first wife, Kathryn, were divorced in June, 1965, by a decree entered in the Divorce Division of the circuit court of Cook County. Custody of their only child, Andrew, who was born March 6, 1963, was awarded to Kathryn. In April, 1966, Kathryn died without having remarried. Two months later, in June, Andrew filed a petition for modification of the divorce decree, setting forth Kathryn's death and requesting custody of his son. In October the court allowed this petition and awarded custody of the boy to his father. From the time of his mother's death the boy had been living with the respondents herein, his maternal grandparents, and Andrew permitted this to continue until his remarriage to his present wife, Lynne. On July 6, 1967, two weeks after his marriage, Andrew took his son to live with him and his new wife, and on July 28, they filed a petition to adopt the boy. A decree of adoption was entered on September 6 in the County Division of the circuit court and a certified copy of this decree is in the record. The boy then continued to live with his parents until January 17, 1968. On this day Lynne took her son to the respondents' home for a visit while she kept a dental appointment. On her return that same day respondents refused to give up the boy and they have ever since refused to relinquish him.

On January 30, 1968, petitioners filed a petition for a writ of *habeas corpus* in the Law Division of the circuit court demanding custody of their son. Respondents filed an answer but the judge to whom it was assigned refused to hear the case and ordered it transferred to the Divorce Division to be heard by Judge Massey who had presided in the original divorce action. On April 2 an order was entered in the Divorce Division awarding joint custody of the boy to respondents during the week, and to petitioners on the weekends.

Thereafter respondents refused even to comply with this order and on June 23, 1969, petitioners filed another petition for a writ of *habeas corpus* in the Law Division. This petition was dismissed on November 21 by order of a judge sitting in the Law Division on the grounds that he had no jurisdiction in the matter because the order of April 2, entered in the Divorce Division, was still in effect. A motion to vacate this dismissal was denied on December 5. Petitioners then filed a petition under section 72 of the Civil Practice Act asking that the orders of November 21 and December 5 be set aside. On motion to strike, this petition was likewise dismissed on the grounds that jurisdiction of the parties and the subject matter remained with the divorce court.

It is apparent from these facts that the question posed is whether the continuing authority of a divorce court over a minor child of parties to a divorce action is terminated when the child has been legally adopted. Our research has not revealed that we have previously had any occasion to rule on this specific point, nor are we aided by the respondents in this regard, for they have failed to file briefs on appeal. Petitioners cite the case of *Lee* v. *Kepler* (Fla.), 197 So. 2d 570, an appellate court case which holds that where a child of divorced parents has been adopted by the child's natural father and his second wife, after the death of the child's mother, the rights of the maternal grandmother to partial custody or visitation as previously granted in the divorce suit are thereupon vitiated. It states further that an adoption decree which can, and does, operate to divest a natural parent of his rights with respect to a child, *a fortiori,* divests a nonparent of any rights to custody or visitation. Petitioners argue that the only conclusion that can be drawn from this case is that the adoption of a child extinguishes the otherwise continuing authority of a divorce court over the question of custody of the child of the parties to the divorce action.

We agree with this conclusion and we are persuaded

further by decisions in other jurisdictions. In the case of *In re Lewis Adoption* (Okla.), 380 P.2d 697, the court held that the continuing jurisdiction of the divorce court over the minor children of parties to the divorce action is dependent upon the continued existence of the parent-child relationship and when that relationship is terminated by adoption the jurisdiction of the divorce court is likewise terminated. In the case of *In re Hardesty's Adoption,* 150 Kan. 271, 92 P.2d 49, the court held that the continuing jurisdiction of a divorce court over the custody and control of a child ceases upon the adoption of such child, for the manifest reason that if the divorce court could continue to make subsequent orders as to such custody and control it would to that extent nullify the adoption statute.

The adoption statute in Illinois (Ill. Rev. Stat. 1969, ch. 4, par. 9.1—17) provides in part that upon the entry of a decree of adoption, the natural parents of the child shall be relieved of all parental responsibility for such child and shall be deprived of all legal rights as respects the child. We have held this statute to mean what it says, that except for the ultimate liability of a natural parent to support his children (*Dwyer* v. *Dwyer,* 366 Ill. 630) and the children's right to inherit from and through their natural parents (*In re Estate of Tilliski,* 390 Ill. 273), all legal and natural rights between such parents and their children are terminated upon their adoption. Naturally, it follows that if an adoption decree divests a natural parent of his rights with respect to the child, it likewise divests a grandparent of any such rights. We therefore find in the case before us that the decree of adoption entered on September 6, 1967, terminated the authority of the court sitting in the original divorce action insofar as the custody and control of said child was concerned, and that its order entered on April 2, 1968, purporting to award joint custody of the boy to respondents and petitioners herein, was subject to attack in this *habeas corpus* proceeding.

We therefore reverse the order of the circuit court of Cook County dismissing the *habeas corpus* petition and remand the cause with directions to issue the writ and award the custody of Andrew D. Bachleda to his parents, the petitioners herein, in accordance with the prayer of their petition.

*Reversed and remanded, with directions.*