*In re* ADOPTION OF CINDY MARIE SCHUMACHER *et al.*, Minors—(Wayne K. Krystek *et al.*, Petitioners-Appellees, *v.* Lucille Schumacher, Petitioner-Appellant).

*In re* MARRIAGE OF MARY E. SCHUMACHER, a/k/a Mary E. Krystek, Petitioner-Appellee and KIM A. SCHUMACHER, Respondent—(Lucille Schumacher, Petitioner-Appellant).

Second District   Nos. 83—340, 83—431 cons.

Opinion filed December 12, 1983.

Schwarz & Golden, Ltd., of West Dundee, for appellant.

Thomas P. Young, of Muscarello, Crisanti & Young, of Elgin, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

A judgment was entered dissolving the marriage of Mary and Kim Schumacher. Mary was awarded custody of the couple's three minor children, Cindy, Peter, and Christopher, subject to Kim's specified visitation rights. Subsequently, Kim's mother, Lucille Schumacher, sought and obtained an order granting her weekly visitation with the children.

After Lucille filed her petition, but before the visitation order was entered, Mary and her new husband, Wayne K. Krystek, instituted an action to adopt the three Schumacher children. The adoption was ordered, after a hearing at which Lucille and her attorney were present. The adoption judgment provided that Lucille and the paternal grandfather, Joseph Schumacher, would have the right to visit with the children once each month.

Because of Mary's alleged refusal to permit Lucille to visit with the children on August 7, 1982, Lucille filed a petition in the dissolution action seeking a rule to show cause for violation of the visitation orders. The judge presiding over the dissolution action directed that the matter be presented to the adoption judge, and Lucille filed a petition in the adoption proceeding for a rule to show cause, alleging that Mary had violated the order entered in that case for grandparent visitation. On Mary and Wayne's motion, the trial court vacated the portion of the adoption judgment providing for grandparent visitation and dismissed Lucille's petition.

Lucille then brought a petition in the dissolution action, seeking reinstatement of the visitation rights previously granted to her in that proceeding. Mary's motion to dismiss this petition was denied; however, the trial court also denied Lucille's petition to reinstate visitation.

Lucille appeals from the order dismissing her petition for a rule to show cause and vacating the grandparent visitation provisions of the adoption judgment. Lucille also appeals from the order denying her petition to reinstate the visitation rights granted in the dissolution proceeding. These appeals have been consolidated for resolution by this court.

The sole issue presented is whether the trial court erred in refusing

to enforce or reinstate visitation rights granted to natural grandparents after adoption of their grandchildren.

After an order of adoption is entered, the natural parents of the adopted child are relieved of all parental responsibilities for the child and deprived of all parental rights with regard to the child. (Ill. Rev. Stat. 1981, ch. 40, par. 1521; *People ex rel. Bachleda v. Dean* (1971), 48 Ill. 2d 16.) These parental rights and responsibilities are assumed by the adoptive parents. (See *Willey v. Lawton* (1956), 8 Ill. App. 2d 344.) Adoption constitutes a complete and permanent severance of all rights and interests of the natural parent and child. (*In re Custody of Atherton* (1982), 107 Ill. App. 3d 1006; *In re Petition to Adopt Cech* (1972), 8 Ill. App. 3d 642.) This includes a termination of custodial rights (*In re Drescher* (1980), 91 Ill. App. 3d 658), as well as all rights of the natural parent to visitation (*People ex rel. Witton v. Harriss* (1940), 307 Ill. App. 283; see *In re Custody of Atherton* (1982), 107 Ill. App. 3d 1006), which is a form of custody. (*In re Custody of Myer* (1981), 100 Ill. App. 3d 27.) The only connections remaining are that the natural parent may be required to support the child if the adoptive parent is unable to do so and that the child may inherit from the natural parent. *People ex rel. Bachleda v. Dean* (1971), 48 Ill. 2d 16; *In re Estate of Tilliski* (1945), 390 Ill. 273.

■ Given the statutory scheme for the complete severance of the relationship between the child and his or her natural parents upon adoption (*Willey v. Lawton* (1956), 8 Ill. App. 2d 344), it follows that adoption also terminates any legal rights and interests of the natural parents' relatives in the child. (See *People ex rel. Bachleda v. Dean* (1971), 48 Ill. 2d 16; *Wilson v. Wallace* (1981), 274 Ark. 48, 622 S.W.2d 164; *In re Adoption of Gardiner* (Iowa 1980), 287 N.W.2d 555; *Lee v. Kepler* (Fla. App. 1967), 197 So. 2d 570.) This is consistent with the statute's aim of promoting the best interests and welfare of the child (Ill. Rev. Stat. 1981, ch. 40, par. 1525), a purpose which generally is served by giving the adopted child the status of a natural child of the adoptive parents and completely breaking all ties with the natural family. (*In re Fox* (Okla. 1977), 567 P.2d 985; *Browning v. Tarwater* (1974), 215 Kan. 501, 524 P.2d 1135; see contra, *Mimkon v. Ford* (1975), 66 N.J. 426, 332 A.2d 199; *Reeves v. Bailey* (1975), 53 Cal. App. 3d 1019, 126 Cal. Rptr. 51.) Thus, the entry of an order of adoption will operate to divest natural relatives, such as grandparents, of the right to visitation with the adopted child. *People ex rel. Bachleda v. Dean* (1971), 48 Ill. 2d 16; *In re Adoption of Gardiner* (Iowa 1980), 287 N.W.2d 555; *In re Fox* (Okla. 1977), 567 P.2d 985; *Browning v. Tarwater* (1974), 215 Kan. 501, 524 P.2d 1135; see contra, *Reeves v. Bailey* (1975), 53 Cal.

App. 3d 1019, 126 Cal. Rptr. 51.

Illinois law does expressly provide for grandparent visitation in certain instances. In cases of dissolution of marriage or death of a parent, a court is empowered to grant grandparent visitation when it is in the child's best interest to do so (Ill. Rev. Stat. 1981, ch. 40, par. 607(b); Ill. Rev. Stat. 1981, ch. 110½, par. 11—7.1), thus modifying the common law rule which required a showing of special circumstances to justify such an order. (Ill. Ann. Stat., ch. 40, par. 607, Historical & Practice Notes, at 22 (Smith-Hurd 1983-84 Supp.); see *Hawkins v. Hawkins* (1981), 102 Ill. App. 3d 1037.) While some courts have reached the opposite conclusion (*Mimkon v. Ford* (1975), 66 N.J. 426, 332 A.2d 199; *Reeves v. Bailey* (1975), 53 Cal. App. 3d 1019, 126 Cal. Rptr. 51), the majority view is that an adoption terminates a grandparent's visitation rights despite the existence of such statutory provisions authorizing grandparent visitation. *Wilson v. Wallace* (1981), 274 Ark. 48, 622 S.W.2d 164; *In re Adoption of Gardiner* (Iowa 1980), 287 N.W.2d 555; *Poe v. Case* (1978), 263 Ark. 488, 565 S.W.2d 612; *In re Fox* (Okla. 1977), 567 P.2d 985; *Browning v. Tarwater* (1974), 215 Kan. 501, 524 P.2d 1135; *Bikos v. Nobliski* (1979), 88 Mich. App. 157, 276 N.W.2d 541; *Ex parte Pepper* (Tex. Civ. App. 1976), 544 S.W.2d 836, *error dismissed* (Tex. 1977), 548 S.W.2d 884.

The majority view is persuasive, as there is no indication that the Illinois statutory provisions for grandparent visitation were intended to override the adoption laws. The Probate Act provision is expressly limited to situations where the child has not been adopted. (Ill. Rev. Stat. 1981, ch. 110½, par. 11—7.1.) The Illinois Marriage and Dissolution of Marriage Act grandparent visitation provision does not contain a similar express exclusion. (Ill. Rev. Stat. 1981, ch. 40, par. 607(b).) However, as a grandparent's status as such is derived from the relationship between the child and the natural parent (*In re Adoption of Gardiner* (Iowa 1980), 287 N.W.2d 555; see *People ex rel. Bachleda v. Dean* (1971), 48 Ill. 2d 16), an adoption, which terminates the rights of the natural parent, also removes the basis for the relationship of the grandparent and thereby ends the status on which the statutory right to visitation rests. (*In re Adoption of Gardiner* (Iowa 1980), 287 N.W.2d 555.) Further, the mere existence of a statute permitting court-ordered grandparent visitation under certain circumstances should not be allowed to defeat the adoption statute's basic premise of the complete severance of ties between the child and the natural family. (See 287 N.W.2d 555; *Browning v. Tarwater* (1974), 215 Kan. 501, 524 P.2d 1135.) Therefore, the grandparent visitation provision should be construed as subject to the adoption laws, such that a completed adoption

proceeding supercedes any rights which could have been obtained pursuant to section 607(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 607(b)). See *In re Adoption of Gardiner* (Iowa 1980), 287 N.W.2d 555; *Browning v. Tarwater* (1974), 215 Kan. 501, 524 P.2d 1135; see also *Bikos v. Nobliski* (1979), 88 Mich. App. 157, 276 N.W.2d 541.

■ Given these principles, the trial court did not err in denying Lucille's petition to reinstate the grandparent visitation rights originally granted in the dissolution proceeding. The initial visitation order was vitiated by the adoption, and this order, while not challenged directly, automatically was rendered ineffective and unenforceable upon entry of the adoption judgment. (*People ex rel. Bachleda v. Dean* (1971), 48 Ill. 2d 16; *Ex parte Pepper* (Tex. Civ. App. 1976), 544 S.W.2d 836, *error dismissed* (Tex. 1977), 548 S.W.2d 884; *Lee v. Kepler* (Fla. App. 1967), 197 So. 2d 570; see *Wilson v. Wallace* (1981), 274 Ark. 48, 622 S.W.2d 164; *Quarles v. French* (1981), 272 Ark. 51, 611 S.W.2d 757; *In re Fox* (Okla. 1977), 567 P.2d 985; see contra, *Reeves v. Bailey* (1975), 53 Cal. App. 3d 1019, 126 Cal. Rptr. 51.) Further, the court could not have ordered the reinstatement as the adoption deprived the court in the dissolution proceeding of its otherwise continuing jurisdiction over the Schumacher children. (*People ex rel. Bachleda v. Dean* (1971), 48 Ill. 2d 16; *In re Adoption of Lewis* (Okla. 1963), 380 P.2d 697; see *Ex parte Pepper* (Tex. Civ. App. 1976), 544 S.W.2d 836, *error dismissed* (Tex. 1977), 548 S.W.2d 884.) This jurisdiction was dependent upon the continued existence of a parent-child relationship between the children and the parties to the dissolution (*People ex rel. Bachleda v. Dean* (1971), 48 Ill. 2d 16; *In re Adoption of Lewis* (Okla. 1963), 380 P.2d 697), as otherwise the dissolution court could continue to make orders as to custody, thus nullifying the adoption. (48 Ill. 2d 16.) Although Mary and the children maintained a parent-child relationship, their relationship continued by virtue of the adoption.

Lucille also has appealed from the order vacating the grandparent visitation provisions of the adoption judgment and denying Lucille's petition for a rule to show cause due to Mary's asserted violation of those provisions.

■ As a general rule, where an order is not challenged directly either by appeal or an appropriate motion for post-judgment relief, the order is conclusive, even if incorrect. (See *Williams v. A. E. Staley Manufacturing Co.* (1980), 80 Ill. App. 3d 981, *rev'd on other grounds* (1981), 83 Ill. 2d 559; *Lady v. Montgomery Ward & Co.* (1980), 80 Ill. App. 3d 69.) Further, a court order typically must be obeyed, even if it is erroneous, until the order is set aside, and disobedience of the order

is punishable by contempt. (*Armentrout v. Dondanville* (1979), 67 Ill. App. 3d 1021.) However, if the court's order is void, it may be attacked at any time, in any proceeding (*O'Dell v. Dowd* (1981), 102 Ill. App. 3d 189), and a person may not be held in contempt for violating the order. (*Armentrout v. Dondanville* (1979), 67 Ill. App. 3d 1021.) A void judgment is one which is entered without jurisdiction of the parties or the subject matter or without legal authority in the court to decide the particular matters presented. 67 Ill. App. 3d 1021; *City of Chicago v. King* (1967), 86 Ill. App. 2d 340, *cert. denied sub nom. Ditto v. City of Chicago* (1969), 393 U.S. 1028, 21 L. Ed. 2d 571, 89 S. Ct. 626; see *In re Adoption of Gardiner* (Iowa 1980), 287 N.W.2d 555.

A court rendering a judgment of adoption has no jurisdiction to simultaneously grant visitation rights to natural relatives of the adopted child, and such provisions in adoption orders are void. (*In re Adoption of Gardiner* (Iowa 1980), 287 N.W.2d 555; *Poe v. Case* (1978), 263 Ark. 488, 565 S.W.2d 612; *In re Fox* (Okla. 1977), 567 P.2d 985; *Browning v. Tarwater* (1974), 215 Kan. 501, 524 P.2d 1135.) This has been held to be true even where the parties have consented to the provision. (*Poe v. Case* (1978), 263 Ark. 488, 565 S.W.2d 612.) As noted above, the statutes permitting grandparent visitation in certain circumstances (Ill. Rev. Stat. 1981, ch. 40, par. 607(b); Ill. Rev. Stat. 1981, ch. 110½, par. 11—7.1) do not authorize the court to order such visitation in an adoption judgment. (*In re Adoption of Gardiner* (Iowa 1980), 287 N.W.2d 555.) The generally broad powers of a court to grant equitable relief are also insufficient as a basis for such an award. 287 N.W.2d 555.

Similarly, the adoption statute cannot serve as authority for the inclusion of a grant of grandparent visitation in the adoption judgment here. The adoption statute contains no express provision for grandparent visitation. (Ill. Rev. Stat. 1981, ch. 40, par. 1501 *et seq.*; *In re Adoption of Gardiner* (Iowa 1980), 287 N.W.2d 555.) While the best interests of the adopted child are to be a paramount concern in adoption proceedings (Ill. Rev. Stat. 1981, ch. 40, par. 1525) and the adoption statute is to be liberally construed (Ill. Rev. Stat. 1981, ch. 40, par. 1524), these principles do not constitute authorization for an order of grandparent visitation given the fact that the adoption judgment has the effect of terminating the rights of the natural parent. (Ill. Rev. Stat. 1981, ch. 40, par. 1521; *In re Adoption of Gardiner* (Iowa 1980), 287 N.W.2d 555.) The liberal construction rule apparently was designed to alleviate the harsh results of the former requirement of strict construction of the procedural aspect of the adoption statute. (See *Keal v. Rhydderck* (1925), 317 Ill. 231.) Liberal construction should not be used

to read into the statute something which is not there. Further, although it is an important factor (see Ill. Rev. Stat. 1981, ch. 40, par. 1525), the child's welfare is not the sole criterion in an adoption proceeding (*In re Adoption of Barker* (1976), 37 Ill. App. 3d 721; *In re Petition to Adopt Cech* (1972), 8 Ill. App. 3d 642), and therefore cannot support an otherwise unauthorized grant of visitation to natural grandparents after an adoption. (See *In re Adoption of Gardiner* (Iowa 1980), 287 N.W.2d 555.) It is notable that before a court can enter an order for adoption, the court must find that the natural parents either consent or are unfit and that the adoption is in the best interests of the child. (See *In re Adoption of Burton* (1976), 43 Ill. App. 3d 294; *In re Petition to Adopt Cech* (1972), 8 Ill. App. 3d 642.) The original order for visitation by Lucille, entered in the dissolution action, implies a judicial determination that such visitation would be in the best interests of the Schumacher children. (Ill. Rev. Stat. 1981, ch. 40, par. 607(b); *Reeves v. Bailey* (1975), 53 Cal. App. 3d 1019, 126 Cal. Rptr. 51.) This finding would not be conclusive in a subsequent proceeding, contrary to Lucille's argument, as orders concerning visitation are not final and are subject to modification upon a change in circumstances. (Ill. Rev. Stat. 1981, ch. 40, par. 607(c); see *In re Custody of Roberts* (1982), 107 Ill. App. 3d 913.) However, the prior finding that contact with Lucille was beneficial for the children might have suggested that adoption, which would have eliminated this contact, would not have been in the children's best interests. (See *Quarles v. French* (1981), 272 Ark. 51, 611 S.W.2d 757.) While not determinative, this factor would have been entitled to consideration. (See 611 S.W.2d 757; *In re Johnson* (1972), 210 Kan. 828, 504 P.2d 217.) However, Lucille did not object to the adoption, seeking only to continue her visitation rights.

Because the provision in the adoption judgment for visitation by Lucille was void, it was properly stricken. Further, because a person cannot be held in contempt for violating a void order (*Armentrout v. Dondanville* (1979), 67 Ill. App. 3d 1021), Lucille's petition for a rule to show cause was properly dismissed.

The judgments of the circuit court of Kane County are affirmed.

Affirmed.

LINDBERG and NASH, JJ., concur.